**CSD 3000A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

Order Entered on
March 30, 2010
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re



Debtor.

BANKRUPTCY NO.



Plaintiff(s)

ADVERSARY NO.

v.



Defendants(s)

Date of Hearing:
Time of Hearing:
Name of Judge:

## ORDER ON

    IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through _____ with exhibits, if any, for a total of _____ pages, is granted.  Motion/Application Docket Entry No. _____

//

//

//

//

DATED: March 29, 2010

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Judge, United States Bankruptcy Court

Submitted by:

_____
(Firm name)

By:_____
   Attorney for ☐ Movant ☐ Respondent

CSD 3000A

CSD 3000A [11/15/04] (Page 2)
ORDER ON PLAINTIFF'S APPLICATION FOR ISSUANCE OF PRELIMINARY IN
DEBTOR: BRIARWOOD CAPITAL, LLC, a Delaware limited

CASE NO.: 10-02677-PB11
ADV. NO.: 10-90118-PB

Approved as to form:

Jeffry A. Davis          Michelle Baker

The Court has considered Plaintiff Briarwood Capital, LLC's ("Briarwood"): (1) Emergency Application for Issuance of Temporary Restraining Order; and (2) Application for Issuance of Order to Show Cause Why Temporary Restraining Order Should Not be Converted to Preliminary Injunction (the "Application"), the Memorandum of Points and Authorities, the Declarations of Nicolas Marsch III and Jeffry A. Davis in Support thereof and all Exhibits thereto, the Joinder to the Application filed by Barry Minkow and Fraud Discovery Institute, Inc. (collectively, the "Non-Debtor Defendants"), Lennar Corporation and Lennar Homes of California, Inc.'s (collectively, the "Lennar Parties") Opposition to the Application, Memorandum of Points and Authorities, Declaration of David Marroso in Support thereof and all Exhibits thereto, the evidence presented to the Court, and the representations and arguments of counsel, and hereby finds as follows:

A. In 2008, the Lennar Parties filed an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court") entitled Lennar Corporation, et. al. v. Briarwood Capital, LLC, et. al., Case No. 08-55741 CA 10 (the "Florida Action").
B. The Lennar Parties assert claims in the Florida Action arising from alleged defamatory and extortionate conduct by Briarwood and Nicolas Marsch, III ("Marsch," and collectively with Briarwood, the "Debtors") and the Non-Debtor Defendants Barry Minkow and Fraud Discovery Institute, Inc. for which millions of dollars in damages are sought.
C. The Lennar Parties contend that the claims asserted in the Florida Action are valid and will be among the largest claims against the Debtors.
D. The Debtors and Non-Debtor Defendants deny any liability to the Lennar Parties in the Florida Action.
E. On February 23, 2010 (the "Briarwood Petition Date"), Briarwood filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the above-captioned court, Case No. 10-02677-PB11 (the "Briarwood Case").
F. On February 24, 2010, pursuant to 28 U.S.C. § 1452(a) Briarwood filed a notice of removal (the "Notice of Removal") of the Florida Action to the District Court for the Southern District of Florida (the "Florida District Court").
G. On February 25, 2010 (the "Marsch Petition Date"), Marsch filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court, Case No. 10-02939 (the "Marsch Case" and, together with the Briarwood Case, the "Bankruptcy Cases").
H. Briarwood contends that the claims the Lennar Parties assert in the Florida Action against the Debtors and against the Non-Debtor Defendants are intertwined such that allowing the Lennar Parties to proceed in the Florida Action in the absence of the Debtors would cause irreparable harm to the Debtors. The Lennar Parties deny Briarwood's contention.
I. On March 4, 2010, the Court entered its Order on Plaintiff's (1) Emergency Application for Issuance of Temporary Restraining Order; and (2) Application for Issuance of Order to Show Cause Why Temporary Restraining Order should Not be Converted to Preliminary Injunction (the "TRO") finding that a substantial risk of harm existed if the Florida Action were to proceed in the absence of the Debtors.
J. On March 5, 2010, the Lennar Parties filed with the United States District Court for the Southern District of Florida, Miami Division (the "Florida District Court") their Motion for Remand Under 28 U.S.C. § 1452(b), or, In the Alternative, Under the Abstention Doctrine Provided Under 28 U.S.C. § 1334(c) (the "Remand Motion").
K. On March 10, 2010, Lennar Parties filed their Motion for Relief from the Automatic Stay and to Abstain Under 28 U.S.C. § 1334(c) in each of the respective Bankruptcy Cases (the "Relief from Stay Motions").

NOW, THERFORE, the Court hereby orders as follows:

1. The Application is GRANTED and a preliminary injunction is issued pursuant to Federal Rule of Civil Procedure 65, as applicable by Federal Rule of Bankruptcy Procedure 7065, on the terms and conditions set forth herein.
2. Until further order of this Court, the automatic stay of 11 U.S.C. § 362 is extended, to the extent necessary, to the Non-Debtor Defendants in the Florida Action.
3. Notwithstanding anything in this Order to the contrary, (i) all parties may litigate the Remand Motion filed by the Lennar Parties; (ii) any party may file a motion to transfer the venue of the Florida Action and all parties may litigate any such motion; (iii) the Lennar Parties may pursue their "Motion for Sanctions Against Defendants Barry Minkow and Fraud Discovery Institute," filed December 2, 2009 and (iv) the Lennar Parties may prosecute their Motion for Sanctions against Non-Party Witness Tracy Coenen, including appearing at a hearing to determine the amount of fees and costs to which the Lennar Parties are entitled for bringing a successful motion to compel pursuant to Fla.R.Civ.P. 1.380(a)(4), as ordered by the Florida State Court on February 24, 2010.
4. This Order supersedes the TRO, which will be of no further force or effect.
5. On April 21, 2010 at 10:00 a.m., the Court shall conduct a hearing on the Relief from Stay Motions, and a further hearing regarding continuation of the preliminary injunction, which shall remain in effect until further order of this Court.
6. Any declarations, affidavits, points and authorities, or other submissions in opposition to the Relief from Stay Motions or in support of continuing the preliminary injunction shall be filed with the Court and delivered to counsel to the Lennar Parties by e-mail no later than April 5, 2010.
7. Any reply papers and other submissions in support of the Relief from Stay Motions or in opposition of continuing the preliminary injunction shall be filed with the Court by the Lennar Parties and delivered to counsel to the Debtors and counsel to the Non-Debtor Defendants by e-mail no later than April 14, 2010.
8. No security for this Order is required pursuant to Federal Rule of Bankruptcy Procedure 7065.

CSD 3000A